IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

SIMON NEWMAN                          §

VS.                                   §        CIVIL ACTION NO. 1:08cv387

UNITED STATES OF AMERICA, ET AL.§

## MEMORANDUM OPINION REGARDING VENUE

Plaintiff Simon Newman, an inmate confined at the United States Penitentiary in Beaumont, Texas, proceeding *pro se*, brings this lawsuit against the United States of America, Warden John Fox and the Beaumont Prison Complex, and Warden H.A. Ledezma and the FCI - El Reno, Oklahoma.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## Factual Background

Plaintiff makes various allegations concerning his conditions of confinement at the United States Penitentiary in Beaumont, Texas. Additionally, plaintiff alleges claims of retaliation, poor nutrition, denial of legal material and the denial of due process by Warden H.A. Ledezma at the Federal Correctional Institution located in El Reno, Oklahoma.

## Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision.

Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391.  *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.  Here, with respect to defendant Ledezma and the FCI - El Reno, plaintiff complains of incidents which occurred in El Reno, Oklahoma.  Further, the defendant is located in El Reno, Oklahoma.  When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case are the above-listed counties.  *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 116, El Reno is located in the Western District of Oklahoma.  As El Reno is located in the Western District of Oklahoma, venue in the Eastern District of Texas is not proper for plaintiff's claims.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  After due consideration, plaintiff's claims against Warden H.A. Ledezma and the FCI El Reno, Oklahoma should be transferred to the Western District of Oklahoma.  An appropriate order so providing will be entered by the undersigned.

**SIGNED** this   31   day of _____ July _____ , 2008.

_____

EARL S. HINES
UNITED STATES MAGISTRATE JUDGE